IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE NO. 12-01973 (MCF) |
| GILBERTO HERNANDEZ FIGUEROA EVELYN SANTOS ROBLES | CHAPTER 13 |
| Debtors | |
| GILBERTO HERNANDEZ FIGUEROA EVELYN SANTOS ROBLES | ADV. P. NO: 15-084 |
| Plaintiffs | WILLFUL VIOLATION OF THE AUTOMATIC STAY |
| Vs. | |
| BANCO POPULAR DE PUERTO RICO & JUAN M. ACEVEDO RAMIREZ | |
| Defendants | |

## OPINION AND ORDER

Before the court is an adversary proceeding for a willful violation of automatic stay. On March 16 2012, plaintiffs Gilberto Hernández Figueroa and Evelyn Santos Robles filed a voluntary petition under Chapter 13 of Title 11 of United States Code. On March 25, 2015, the plaintiffs filed a complaint against defendants Juan M. Acevedo Ramirez ("Acevedo Ramirez") and Banco Popular de Puerto Rico ("BPPR") alleging a willful violation of automatic stay. On January 8, 2016, Acevedo Ramirez filed an amended motion to dismiss the adversary complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).[1] (Docket #34). At the hearing held on February 2, 2016, this court granted the plaintiffs and BPPR 10 days to answer the motion to dismiss, and both filed their oppositions on time. Acevedo Ramirez requested leave to file a reply which was granted.

The plaintiffs allege in their complaint that BPPR and Acevedo Ramirez willfully violated the automatic stay. Plaintiffs aver that BPPR and its notary public, Acevedo

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

Ramirez, presented for recordation a mortgage deed to the Registry after the bankruptcy petition had commenced. They also object to the secured claim filed by BPPR, given that the perfection of their security is unlawful. On May 10, 2006, the plaintiffs purchased a real property in Barrio Coto, in the Municipality of Manati, Puerto Rico, before notary public Acevedo Martinez. The deeds of purchase and mortgage were presented for registration on May 24, 2006, at the Property Registry, but on September 15, 2006, notary public Acevedo Ramirez was notified of errors and the deeds were not registered. Acevedo Ramirez presented the deeds for registration again on March 26, 2007, and on July 31, 2007, the deeds were not registered because of errors and Acevedo Ramirez was informed of them. The expiration date for entry of presentation of the deeds to the Property Registry was on October 1, 2007. Plaintiffs point out that on August 7, 2013, with knowledge of the bankruptcy proceedings, Acevedo Ramirez presented the deeds for the third time; more than a year after the plaintiffs had filed for bankruptcy protection. On November 21, 2013 BPPR was informed that the deed of mortgage was presented and recorded.

Acevedo Ramirez states in his motion to dismiss that the plaintiffs' complaint does not include factual allegations to support the conclusion that he was aware or had knowledge of the pendency of plaintiffs' bankruptcy case when the violation occurred. Under the plausibility standard established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009), a court's inquiry occurs in a two-step process. In this process, the court must first identify pleadings that are not entitled to assumption of truth because they are conclusory. Second, the court must take the well-pled fact as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief. Acevedo Ramirez states that the plaintiffs failed to identify how he knew about the pendency of their bankruptcy case and asserts that they must have plead sufficient facts to show that they have a plausible claim for relief.

BPPR opposed Acevedo Ramirez's motion to dismiss pursuant to Fed. R. Bankr. P. 7019,[2] because Acevedo Ramirez was the notary public that presented the mortgage for

---

[2] This rule makes Fed. R. Civ. P. 19 applicable to adversary proceedings in bankruptcy cases.

recordation at the Registry of the Property and he is therefore an indispensable party. The plaintiffs opposed the motion to dismiss because Acevedo Ramirez was the notary public of the deeds that committed the actions that led to the violation of the stay. The plaintiffs deny Acevedo Ramirez's allegation that he did not have personal knowledge of the bankruptcy proceeding and assert that he is an indispensable party.

Acevedo Ramirez replied to these oppositions stating that none of them properly contested the grounds upon which the dismissal motion rests and therefore the motion should be granted. He argues that the plaintiffs failed to demonstrate why their complaint should survive the motion to dismiss and that the complaint fails to state a claim upon which relief can be granted. He points out that allegations made outside of the complaint cannot be presented to the court on a motion to dismiss. Because the plaintiffs did not allege in the complaint that Acevedo Ramirez was an indispensable party in the case, Acevedo understands that it consists of a new allegation that is not valid for the purposes of defeating his motion to dismiss.

A Rule 12(b)(6) motion to dismiss serves to test the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is appropriate only if the plaintiff has not provided fair notice of its claims and factual allegations that –when accepted as true- are plausible and rise above mere speculation. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-56. A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). The issue is whether the plaintiffs will be able to offer evidence to support their claims. Gorski v. New Hampshire Dept. of Corr., 290 F.3d 466, 473 (1st Cir. 2002).

Reviewing the legal standard, the court finds that the amended motion to dismiss must be denied. Acevedo Ramirez's assertion that the plaintiffs have failed to state a claim under the plausibility standard established by Twombly and Iqbal does not convince us. By filing a motion to dismiss under Rule 12(b)(6), the court must take as true the facts alleged in the complaint that on August 8, 2013, Acevedo Ramirez sent a letter via fax to Maria Rios Diaz,

Property Registrar of Manati, letting her know that he needed to record deed of purchase number 198 and deed of mortgage number 199 because the plaintiffs were in the process of filing for bankruptcy. The plaintiffs had already filed for bankruptcy on March 16, 2012. However, it is fair to say that Acevedo Ramirez feared that the plaintiffs would be taking that course of action. Even though we do not have a copy of the letter, the allegation is enough to draw a plausible scenario that Acevedo Ramirez may have known that the plaintiffs had already filed for bankruptcy. We are not making such a conclusion at this stage because we would need a trial or after completion of discovery we could revisit this issue on a motion for summary judgment standard.[3]

The parties will have to engage in discovery to determine what knowledge Acevedo Ramirez had about a bankruptcy filing to see if willful violation of the automatic stay occurred. The standard for a willful violation of an automatic stay is that of a creditor whose conduct is intentional, as distinguished from inadvertent, and committed with knowledge of the pendency of the bankruptcy case. In re Vazquez Laboy, 647 F.3d 367, 374 (1st Cir. 2011); In re McMullen, 386 F. 3d 320, 330 (1st Cir. 2004). The standard of the automatic stay is met if there is knowledge of the stay and the defendant intended the action which constituted the violation. Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). Even if the person that violates the automatic stay had no notice of it, most courts have ruled that such action is entirely void and without effect. Franklin Sav. Ass'n v. Office of Thrift Supervision, 31 F.3d 1020, 1022 (10th Cir. 1994).

---

[3] Since the court is denying the amended motion to dismiss, there is no need to address the indispensable party argument raised by BPPR and plaintiffs.

-5-

The court denies the co-defendant Juan M. Acevedo Ramirez's amended motion to dismiss. Co-defendant is ordered to answer the complaint in 14 days.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of April, 2016.

MILDRED CABAN FLORES
U.S. Bankruptcy Judge